■ LONG ISLAND HOME, LTD. (SOUTH OAKS HOSPITAL), Appellant, v. DOUGLAS ROTONDI, Defendant, and MARY A. O'CONNOR, Respondent.— Order, Supreme Court, New York County, entered on April 8, 1971, denying plaintiff-appellant's motion for summary judgment, unanimously reversed, on the law, and summary judgment granted to plaintiff-appellant. Appellant shall recover

of respondent $50 costs and disbursements of this appeal. Upon discharge of defendant's daughter from plaintiff hospital, there was an unpaid balance due the hospital of $2,433.42. The sum of $33.42 was paid by the defendant and she also issued to the hospital a series of 12 post-dated checks, each in the sum of $200. The first check was paid and payment was stopped on the others. The answer alleges that she "was put under duress by the plaintiff by being informed that her daughter would not be released unless payment was made". In her affidavit in opposition to this motion the defendant merely states that "There is a defense to this action, that of duress, which defense deserves a hearing upon a trial of the action." This allegation is conclusory and for a triable issue to exist evidentiary facts must be set forth. Defendant has failed to show the alleged duress by the plaintiff, its agents or employees. Having failed to make such a showing she cannot defeat a motion for summary judgment once a prima facie case is made out by the plaintiff. (See *Breger* v. *Hampshire Country Club,* 30 A D 2d 526, affd. 23 N Y 2d 958.) Concur — Markewich, J. P., Kupferman, Murphy, Steuer and Macken, JJ.